SAMUEL ELLIS, Petitioner, and H. A. Merrifield, Administrator, Appellants, v. ELIZABETH A. ELLIS, Fred L. Ellis, Ernest J. Ellis, Frances A. Ellis, and John E. Ellis, Respondents.

(174 N. W. 76.)

**Executors and administrators — §§ 8657 and 8663 construed — appointment of administrator other than party named in petitions of interested parties.**

1. Under §§ 8657 and 8663, Compiled Laws of 1913, the county court, in exercising its probate jurisdiction, is vested with a discretion to determine whether or not the welfare of the estate of a deceased person manifestly requires the appointment, as administrator, of a disinterested third person, instead of petitioning parties who, by the former of the two sections, are given the right to control the appointment.

**Executors and administrators — discretion of court where interested parties fail to agree.**

2. It appearing that the surviving children of a deceased person who have the right to control the appointment of an administrator did not agree upon the appointment; that there was evident friction existing as to the management and disposition of the estate; and that the court had exercised the discretion vested in it by the appointment of a suitable third person,—it is *held*, for these and other reasons indicated in the opinion, that the discretion was not abused.

Opinion filed June 21, 1919. Rehearing denied July 18, 1919.

Appeal from District Court of Richland County, *Allen,* J. Reversed.

*J. A. Dwyer* and *W. S. Lauder,* for appellants.

"It is discretionary with the court who shall be appointed administrator, when the heirs cannot agree." Comp. Laws 1913, §§ 8657, 8663; Re Anderson (Neb.) 166 N. W. 261; Re Scott, 106 N. W. 1003; "The undertaking on appeal insufficient." Stewart v. Lynnes, 22 N. D. 149. See also the late case First State Bank v. Kellogg Commission Co. 41 N. D. 269, 170 N. W. 635.

*Dan R. Jones* and *Jos. G. Forbes,* for respondents.

This action was and is triable *de novo* both in the district court and in this court. Re Peterson, 22 N. D. 480.

"The court have no power to declare a person incompetent to act as administrator unless he is one of the classes declared to be incompetent by the Probate Code." Re McClellan (S. D.) 129 N. W. 1037; Re Banquier, 26 Pac. 178, 532; Holiday v. Holiday, 16 Or. 147, 19 Pac. 81; Li Po Tai Estate (Cal.) 41 Pac. 486; Re Owens (Utah) 85 Pac. 277; Re Myers (Cal.) 100 Pac. 712.

"The right of administration of a decedent's estate is a valuable right, and those on whom it has been conferred by statute should not be deprived of it except as the statute has provided." Williams v. Williams, 24 App. D. C. 214; Ky. Statutes 1903, § 3896; Buckner v. Buckner, 120 Ky. 596, 87 S. W. 776; Re Davis, 96 N. Y. Supp. 1106, 9 Dec. Dig. Executors and Administrators.

Parties interested in the estate should administer it. Re Davis, (Cal.) 39 Pac. 757; Re Carmody, 26 Pac. 373; Osborne v. United States Bank, 22 U. S. 738, 6 L. ed. 204; Abbott v. L. Hommedieu, 10 W. Va. 677; State v. Cummings, 36 Mo. 278.

BIRDZELL, J.   This is an appeal from a judgment entered in the district court of Richland county, rendered in a proceeding appealed from the county court and involving the right of certain persons, hereinafter named, to the administration of an estate.

One John L. Ellis, a resident of Richland county, died on September 7, 1917, intestate.   He left surviving six children, as follows: Ernest J. Ellis, forty-nine years of age, Fred L. Ellis, forty-two years of age, Elizabeth A. Ellis, forty years of age, Frances A. Ellis, thirty-eight years of age, and John E. Ellis, thirty-two years of age.   The property belonging to the estate consisted of a section of land in Richland county and personal property worth about $2,000.   Petitions for letters of administration were filed in the county court by Samuel and Elizabeth.   Upon hearing the petitions the county judge decided that the best interests of the estate would be subserved by appointing a third person, and he thereupon appointed H. A. Merrifield, a banker and business man residing at Hankinson.   From the decree appointing Merrifield, Elizabeth and Fred appealed to the district court.   The district court, in determining the appeal, reversed the decree of the county court and directed the county judge to remove Merrifield as administrator and to appoint Elizabeth in his stead.   It appears that

the county judge had previously denied the petition of Elizabeth on the ground and for the reason that he did not consider Elizabeth "a fit and competent person to administer the estate." Also that the petition of Samuel was denied for the reason that the court considered the relations existing between him and the other heirs to be such as to make his appointment not for the best interests of the estate. The court thereupon proceeded to exercise the authority assumed to be vested in it by § 8663, Compiled Laws of 1913, and appointed Merrifield. Samuel did not appeal from the judgment of the county court denying his petition, and the district court, accordingly, upon the appeal of Elizabeth and Fred, determined that letters should have issued upon the petition of Elizabeth. It is from this determination that Merrifield and Samuel appeal to this court. A supersedeas order was entered in the district court and the necessary bond given.

The appellants' contentions here center about two main questions which are argued in the brief. First, did the county court have any jurisdiction to appoint a third person administrator under the facts in this case? Second, if the county court was vested with discretion in the matter, in the exercise of which it could deny the petitions both of Samuel and Elizabeth, was the discretion so abused in appointing Merrifield as to warrant the reversal of the decree by the district court?

Section 8657, Compiled Laws of 1913, provides: "Administration of the estate of a person dying intestate *must* be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order: (1) The surviving husband or wife, or some competent person whom he or she may request to have appointed. (2) The children . . . ." (The remainder of the section is not pertinent.) Section 8663 provides as follows: "Administration may be granted to an applicant or to one of several applicants according to the prescribed order of preference, without regarding any party having an equal or a better right, who fails to assert his claim; and when there are several applicants of the same class the appointment may be awarded according to their relative fitness. But *in every case, when the welfare of the estate manifestly so requires,* an heir may be joined with the surviving husband or wife, or two or more applicants of the same class may be united in the ad-

ministration, *or the court may in its discretion appoint some suitable and discreet person who is disinterested as between the parties.*" In the instant case there are two claimants for letters of administration belonging to the same class, and both could not be appointed unless joint administration were deemed by the court advisable, and, in view of the facts appearing in this record, joint administration was clearly not advisable. It was the duty of the county court, then, either to appoint one of the two petitioners, or if, in the judgment of the court, the appointment of a third person would best serve the interests of the estate, such appointment was proper provided it was authorized.

The respondents contend that the duty and authority of the county court was limited to a determination of the respective claims between the contesting petitioners; but we are of the opinion that § 8663 clearly gives to the court, in circumstances such as are presented in this appeal, a discretion to appoint "a person who is disinterested as between the parties." It will be seen that the section gives to the court power to appoint a third person who is disinterested *as between the parties.* The term "parties" here manifestly refers to those who are given preference in the appointment under § 8657. Express authority is therefore conferred to appoint a third person where, in the judgment of the court, the best interests of the estate will be thereby subserved.

The case then, upon this appeal, resolves to the question as to the propriety of the exercise of the discretion vested in the county court. In the district court it appeared that four of the six heirs named petitioned for the appointment of Elizabeth, and that the similar desire of Frances, an incompetent person, was manifested through attorneys employed by her brother and guardian, Ernest J. Ellis. The district court, however, found H. A. Merrifield to be a competent business man and a stranger to the estate, but that the welfare of the estate did not manifestly require the appointment of a disinterested person. Neither did the district court consider the claim of Samuel to appointment, for the reason that he had not appealed from the decree of the county court. From the record, it appears that the deceased was a man about seventy-six years of age, and that just prior to his death he was living alone and farming, possessing the usual equipment of live stock, machinery, etc. About two weeks prior to his death, Samuel took him to his home, where he was cared for by Samuel and

his wife, the funeral being held from Samuel's home. Elizabeth, at the time, was at College Place, Washington. She had knowledge of her father's illness. The deceased relied upon Samuel to take care of his live stock. The following letter, written by Elizabeth three days after her father's death, indicates her point of view regarding the disposition of some of the property:

College Place, Wash.,
September 10, 1917.

Dear Mary:—

I thought that you folks could get along without me and that it would be such an expense. If you folks will get father's trunks and open then take all his things over to your house and keep them their. I would like the towels and tablecloths and a pair of blankets. I would like the separator, cream separator, and you folks take the corn planter and let Fred take something else. I would like a bedstead and the rocking chair. I may be married soon. Will know for sure soon. Will let you know. How about the business? You folks could even get hay for your share. I could take a wagon too.

Did Father make a will? Hope that you folks are all well. Did father say anything about anything before he died? Did he suffer much? You folks look after the ducks, etc. Suppose you will be very busy. You could just keep my things at your house and see to the sending later when you had more time.

Write me soon.
Elizabeth.

At the time the petition was presented to the county court it was clearly the duty of the court to consider the probability of Elizabeth's anticipated marriage, as this would disqualify her to act as administratrix. Comp. Laws 1913, § 8682. Another letter of November 1, 1917, further reflects the attitude of Elizabeth towards the division of the estate. Her letter follows:

Hankinson, N. Dak.
Nov. 1, 1917.

Dear Brother Sam:—

I write this on request of *Ernest, John, Fred, and myself*. We all

want the court to divide all the land but the Ranke place, that will have to be sold, as there is such a large mortgage against it. The court will have to appoint an Adm. for that Ranke place. It will have to be sold and after paying judge and lawyers be divided among us all.

Now the *Tree Clame* is valued at $8,000, and Ernest and Frances will go in on that. Ernest can be her gardean or some of the rest of us, not you for Ernest would not consent to have you in with him. It will be a joint deed or can be separate.

The place where Oro Baker lives. John and Elizabeth, Joint Deed $8,000. Now Fred says he will take

| | |
|---|---|
| Section 17—lot 2 ....................... | 48.18 A |
| —lot 1 ....................... | 40.69 A |
| | 88.87 |
| 88.87 A x $50.00 ....................... $4,443.50 | |
| He will pay you cash ...................... 443.50 | |

| | |
|---|---|
| You have section 17—lot 3 ............... | 40.  A |
| Strip ....................... | 15.55 A |
| | 55.55 |

55.55 x $50.00 ................... $2,777.50
$4,000—$2,777.50 ............... 1,222.50
Then you have over $400.00 personal property you have coming:

$1,222.50
443.50
———
$779.00
400.00  Personal property.
———
$379.00

That we will pay you cash from the bank, but you can't take that yourself. You got the personal property cheap and the boys say you can have all the corn on Ranke place and Ernest place raised this year.

Your sale was not lawful the judge told me so with his own mouth you are under arrest John and Ernest have signed papers. But we don't want any trouble. The judge said the land could be divided, if

all are willing and that will give us all more without any trouble. People you owe are going to come in against the estate to get their pay, this way will give you a chance to pay them and get that piece of land clear. You are coming into lots of trouble but that seems the best way out to us. Fred will rent his share to you on half next year. We are all planning to have free seed for just next year out of what Ora Baker raised. We have ordered him not to sell any or let be sold. Now I hope this will be all right with you and the business can be done Tuesday. That will stop a lot of expense. Have you hauled all father's share of grain on Harry's place?

Drop in at Fred's to see me if you wish, but no quarreling, or drop me a line.

Elizabeth.

This letter indicates a degree of feeling toward Samuel that would justify the court in observing caution in selecting one of the petitioning parties to represent the interests of an estate in which the interests of all should be equally protected.

Respondents contend that Samuel and Merrifield conspired to conduct a sale of the personal property soon after the death of the deceased, but it appears from a letter written by Elizabeth, in August, that she anticipated the necessity for the sale and disposition of the live stock. And it further appears that the burden of caring for the live stock fell primarily upon Samuel, and that at that particular time of the year the conserving of this property by one who had no immediate use for it was both expensive, burdensome, and inconvenient. Samuel was petitioning for letters of administration, and Merrifield's participation in the sale was only that of acting in the capacity of clerk. It will serve no useful purpose to review the evidence in detail. Suffice it to say that it presents a case where there is a disagreement among the heirs to an estate and a question of competency. On the whole record, we are satisfied that it cannot be said that the county court abused the discretion vested in it in appointing a disinterested third person, as to whose competency to act there can be no question. The judgment of the District Court, reversing that of the county court, is

therefore reversed, and the judgment of the County Court is in all things affirmed.

CHRISTIANSON, Ch. J., and BRONSON, J., concur.

ROBINSON, J. I dissent.

GRACE, J. I concur in the result.