IN RE ESTATE OF JOSHUA G. WILLIAMSON.

ETHEL HOLDCROFT, Appellee, v. CLARK A. WILLIAMSON et al., Appellants.

MARCH 13, 1928.

*Griffin, Griffin & Griffin*, for heirs at law of Joshua G. Williamson, appellants.

*A. L. Calderhead*, for James A. Byers, trustee, appellant.

*L. F. Hood*, for appellee.

DE GRAFF, J.—Joshua G. Williamson died testate, June 16, 1907. His will, dated October 10, 1904, was duly admitted to probate. The wife of William G. Williamson died November 15, 1896. William G. Williamson, one of the devisees, around whose devise this cause gravitates, died June 24, 1924, leaving no child born to him.

The claimant, Ethel Holdcroft, neé Augusta Johnson, born May 16, 1881, was adopted by formal articles of adoption, duly acknowledged and recorded January 5, 1885. Ethel was married to one E. W. Holdcroft June 26, 1898, and thereafter had a home of her own.

We first turn to the challenge of the heirs at law of Joshua G. Williamson, decedent, that the claimant, Ethel Holdcroft, has no rights by virtue of her alleged articles of adoption. We are not here concerned with the right of property that may be acquired under contractual provisions of a writing that falls short of a statutory instrument of adoption. *Morris v. Trotter*, 202 Iowa 232; *Kisor v. Litzenberg*, 203 Iowa 1183. The adoption of a child can be legally accomplished only by the observance of statutory requirements. In the case at bar, the claim asserted is not based on the right of inheritance of an adopted child, but on her status, as such, under the will of a person to whom the claimant is a stranger to the blood of the testator.

The record discloses that, in the year 1885, the devisee, William G. Williamson, by articles of adoption signed by himself and the mayor of the incorporated town of Sloan, Woodbury County, Iowa, adopted Augusta Johnson, and by said articles gave unto said child the name of Ethel Augusta Williamson.

Section 2308, Code of 1873, in force and effect at the time of the adoption, provided:

" * * * if both parents be dead, * * * then the consent of the mayor of the city where the child is living, or, if not in a city, then the clerk of the circuit court of the county where the child is living, shall be given to such adoption by an instrument in writing signed by the parties or party consenting, and stating the names of the parents, if known, the name of the child, if

known, the name of the person adopting such child, and the residence of all if known, and declaring the name of which such child is thereafter to be called and known, and stating also that such child is given to the person adopting, for the purpose of adoption as his own child.''

It is provided by Section 2309, Code of 1873, that such instrument shall be in writing, signed by the person adopting, and acknowledged by all the parties thereto in the same manner as deeds affecting real estate, and shall be recorded in the recorder's office in the county where the person adopting resides.

It is sufficient to state that the statutory provisions for adoption of the child in question were respected, unless the impeachment of said articles is well based for the assigned reason that the articles were signed by the mayor of an incorporated town, and not by the then clerk of the circuit court, as required by the statute, Section 2308, Code of 1873. The decision in *Webb v. McIntosh*, 178 Iowa 156, is *stare decisis* on this appeal. It is therein held that the articles of adoption signed by the mayor of an incorporated town for the purpose of consenting to the adoption of a child are invalid, under the statute in question.

Whatever may be the rule otherwise, in the absence of an expressed intention on the part of the testator to devise the property to appellee, she can, under the holding in the *Webb* case, supra, claim nothing under or by virtue of the alleged adoption.

All the justices concur that the judgment entered should be reversed, and it is—*Reversed.*

All the justices concur.