SLATTERY *v.* HARTFORD-CONNECTICUT TRUST CO.

1. ADOPTION—FINDING IMPLIES PROOF OF FACTS ADJUDGED.
   Order of adoption being in judicial proceeding, finding of court implies proof of facts therein adjudged.

2. SAME—PROCEEDING STATUTORY.
   Adoption of children is purely statutory in this State (3 Comp. Laws 1929, § 15952).

3. SAME—STATUTORY PROVISIONS MUST BE COMPLIED WITH.
   If statutory provisions regulating adoption of children are not complied with, adoption fails.

4. SAME—CONSENT NECESSARY TO JURISDICTION IF REQUIRED BY STATUTE.
   Since consent lies at foundation of statutes of adoption, if they require it to be given, jurisdiction of subject-matter cannot be acquired without it.

5. SAME—FACTS OBVIATING NECESSITY OF CONSENT MUST BE SHOWN.
   Where certain facts obviate necessity of consent, existence. of these facts must be shown.

6. SAME—COLLATERAL ATTACK—JURISDICTION.
   Adoption will be upheld, as against collateral attack, unless want of jurisdiction is affirmatively shown.

7. SAME—ABANDONMENT—CONSENT.
   To obviate consent of father to adoption by abandonment, such abandonment must exist at time of adoption.

8. SAME—STATUTES—CONSENT—SHOWING AS TO ABANDONMENT.
   Statute of adoption in effect in 1891 did not require that evidence showing abandonment, or even fact of abandonment, be set forth in adoption instrument, or that particular reason excusing consent of other parent be given.

9. SAME—JURISDICTION—RECITATIONS IN ADOPTION INSTRUMENT AS TO ABANDONMENT AND CONSENT.
   Adoption instrument stating that mother had sole custody of child, and giving her consent to adoption, conferred jurisdiction on court under statute in effect in 1891, although no fact excusing consent by father was asserted.

---

As to necessity of notice to parents before adoption of child, see annotation in 24 A. L. R. 416 *et seq.*

Constitutionality of statute permitting adoption of child without consent of parents, see annotation in 18 L. R. A. (N. S.) 927.

10. SAME—CONSENT OF FATHER—ABANDONMENT.
    Consent of father to adoption of child was not necessary in 1891
    if he had abandoned child.

11. SAME—FACT OF ABANDONMENT SHOWN BY ADJUDICATION.
    Fact of abandonment of child by father must have been found
    by court in adoption proceedings, where it adjudged that
    mother was sole custodian of child and possessed due author-
    ity to execute adoption instrument.

12. SAME—FATHER ALONE COULD COMPLAIN OF WANT OF NOTICE TO
    HIM.
    If father was entitled to notice of adoption proceedings, he alone
    could complain of want of notice.

13. SAME—VALIDITY OF ADJUDICATION MAY NOT BE ATTACKED AFTER
    LAPSE OF 34 YEARS.
    Adopted child, who was necessary party to adoption proceedings
    wherein probate court had jurisdiction of subject-matter, could
    not, after lapse of 34 years, question validity of adjudication,
    however erroneous in point of fact or law.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted April 7, 1931. (Docket No. 14, Calendar No.
35,497.) Decided June 1, 1931. Rehearing denied
September 10, 1931.

Bill by Oscar Clarence Slattery, otherwise known
as Oscar Clarence Cress, against Hartford-Con-
necticut Trust Company, administrator of the estate
of Edward A. Slattery, deceased, and others to set
aside articles of adoption. Decree for plaintiff.
Defendants Hartford-Connecticut Trust Company
and Delphine Slattery appeal. Reversed.

*Butterfield, Keeney & Amberg* (*Harry Shulsky*
and *Arthur L. Shipman,* of counsel), for plaintiff.

*Norris, McPherson, Harrington & Waer* (*Ben-
jamin Slade,* of counsel), for defendants Hartford-
Connecticut Trust Company and Slattery.

*Julius J. Herscher,* for defendants Weirich and
Cress.

WIEST, J.  This is an appeal from a decree of
the circuit court for the county of Kent, in chancery,
vacating an adjudication of adoption of a minor
child in the probate court of that county 34 years
ago.

Plaintiff herein is 42 years of age, and was nearly
seven years of age at the time of adoption.  He
waited 20 years, after reaching full legal age, before
filing the bill and had been fully aware of his adop-
tion for 29 years, the record of which was in the
county where he resided.  Before plaintiff was born
his mother filed a bill against his father for divorce
on the ground of extreme cruelty.  An answer to the
bill was filed by his father.  Before the hearing of
the divorce case plaintiff was born, and the bill was
amended to allege his birth and pray for his cus-
tody.  At the hearing his father was found guilty
of extreme cruelty and the parties were, by decree,
divorced on July 20, 1889.  The decree also adjudged
Edwin Slattery, father of plaintiff herein, an un-
suitable person to have the child, then three months
and 27 days of age, and awarded his. mother his
care, custody, and education until 14 years of age.
The decree did not award alimony or support money
for the child.  At the time of the decree plaintiff's
father resided out of the State, and so resided until
his death, and never contributed anything toward
the support of his former wife and his child.  He
ignored their existence, remarried in another State,
and died intestate in the State of Connecticut in
January, 1930, leaving there a widow and a con-
siderable estate; hence. this suit for revocation of
the adoption.·

September 23, 1891, the mother of plaintiff
married George H. Cress, and January 22, 1896, she
and Mr. Cress acknowledged and filed in the probate

court an instrument for the adoption of plaintiff by Mr. Cress. That instrument stated:·

"That whereas the said party of the first part is the mother of a minor child, to-wit: Oscar Clarence Slattery born March 23d, A. D. 1889, whereby the custody and possession of said child belongs to and remains with said first party hereto,     *   *   *   and whereas the said Louisa Cress party of the first part, and mother of said child as aforesaid, has and does by these presents give her full and free consent to such adoption of said child by said party of the second part."

Plaintiff, then nearly seven years of age, gave consent in writing to the adoption. The same date the order of adoption was made and entered in the probate court, from which order we quote the following:

"That said Louisa Cress is the mother of said infant. That   *   *   *   whereby the said Louisa Cress is become sole custodian of said infant, possessing due authority to execute said instrument, *   *   *   And it further appearing to the court that the said George Henry Cress is a suitable and proper person to have the custody, care and rearing of said child, and that said instrument is executed in good faith and in due form, according to the statute in such case made and provided.
"Therefore, it is ordered, adjudged and decreed," etc.

It will be noted that in the adoption instrument no fact, excusing consent of the father, such as abandonment of the child by him, was asserted, but only a conclusion, and in the probate court order no facts were stated "whereby" the mother had become the sole custodian of the child and vested with authority to execute the instrument. The mentioned points

are relied upon as grounds for vacating the adoption.

The omission in the instrument of adoption is the more serious question, for, the order of adoption being in a judicial proceeding, the finding implies proof of facts therein adjudged. Adoption of children is purely statutory in this State, having no common-law background. If the statutory provisions regulating adoption of children are not complied with, adoption fails. *Albring* v. *Ward,* 137 Mich. 352. Consent lies at the foundation of statutes of adoption, and if they require it to be given, the jurisdiction of the subject-matter cannot be acquired without it; where certain facts obviate the necessity of consent, the existence of these facts must be shown. Must the fact, obviating consent, be stated at length in the instrument of adoption as well as in the judicial finding? The modern tendency of the courts is away from the harsh doctrine that nothing will be presumed in favor of jurisdiction and that all must appear of record, else the adoption is void.

"The better rule would seem to be that the adoption will be upheld as against a collateral attack unless the want of jurisdiction is affirmatively shown." 1 C. J. p. 1394.

The law applicable to this case is so well stated in *Wilson* v. *Otis,* 71 N. H. 483 (53 Atl. 439, 93 Am. St. Rep. 564), that we quote liberally therefrom:

"But it is insisted that the judge of probate had no jurisdiction to decide the question presented, or to render a judgment thereon, because it does not affirmatively appear in the record that the mother of the boy consented in writing to the adoption, as required by the statute. * * * This fact, however,

is not necessarily essential to the exercise of jurisdiction by the probate court. If the parent has abandoned the child for three years, his consent to adoption proceedings is rendered unnecessary by the statute. * * * It is for the court, after having acquired jurisdiction by the filing of an appropriate petition, to decide in the first instance whether the parent has consented to a decree of adoption; if not, whether there is any valid excuse for his non-action, as death, insanity, or other disability; or whether he has so far abandoned his parental duties for three years as to render his consent unnecessary. These, with other preliminary questions that might be suggested, must be determined upon evidence and a hearing by the judge, after he has acquired jurisdiction of the general subject-matter of the petition. The filing of the petition and the appearance of proper parties gave him, under the statute * * * power to act judicially. * * * The court was not asked to do what it had no judicial power to do under any circumstances. It became its duty to act upon the subject-matter presented, and to receive evidence upon all material questions suggested, among others upon the question of abandonment as an excuse for the failure of the mother to consent to a decree of adoption. * * * If its decision was erroneous upon this question, the error did not render the proceedings absolutely void * * * so that they might be disregarded in a collateral suit. The error, if there was one, was correctable by appellate procedure, and does not prove a want of jurisdiction in the probate court. * * *

"Nor does the absence in the petition of an allegation of abandonment, or of the mother's consent, affect the question of general jurisdiction. It is not necessary that the petition should contain a full statement of all facts essential to a decree. It might seriously fail in this respect, or be demurrable, and

still state a case calling for and requiring the exercise of the judicial power of the court. The test has been said to be, not whether it states a perfect case, but whether the court has the power to grant the relief sought in a proper case. Van Fleet, Collateral Attack, § 61. If upon a petition for adoption which omits these allegations the court finds the fact of abandonment, as well as other necessary facts, its decree of adoption is valid. The judgment or decree necessarily implies a finding of all material facts not inconsistent with the record, one of which may be the fact of abandonment."

We may assume, for the purpose of considering the point, that the sole reason obviating consent by the father was his alleged abandonment of the child. Such abandonment, of course, must have existed at the date of the adoption. The statute, in force at that time, did not require that the evidence showing abandonment, or even the fact of abandonment, be set out in the adoption instrument, or that the particular reason, excusing consent of the other parent, be given. The present statute (3 Comp. Laws 1929, § 15952) requires an allegation "in the instrument of adoption that the other parent has abandoned such child for the period of one year last preceding the date of filing the instrument of adoption." The instrument of adoption gave the probate court jurisdiction in the premises.

But it is contended that, in the eye of the law, there was no abandonment of the child by the father because custody, care, and maintenance of the child was with the mother, citing *People* v. *Dunston,* 173 Mich. 368 (42 L. R. A. [N. S.] 1065). That was a criminal case under a penal statute. If we apply the rule of that case to this case we only find that the judge of probate was in error in holding otherwise.

The statute did not provide for notice to the father. The initial step, giving the probate court jurisdiction of the subject-matter, was properly taken by the mother. In the exercise of jurisdiction, so conferred, the probate court had to determine whether the necessary parties in interest were before the court. Consent by the father was not necessary if he had abandoned the child. The fact of abandonment must have been found, for it was adjudged that the mother was the sole custodian of the child and possessed due authority to execute the instrument of adoption. If it be held that the father was entitled to notice, then he alone could complain of want of notice, and, for 34 years after the adoption and to the time of his death, he made no such complaint. The father never questioned the validity of the adoption, and, by lapse of time, he was barred from seeking revocation thereof, had he so desired, and plaintiff is equally barred.

Plaintiff was a necessary party to the proceeding in the probate court; for his welfare was the very substance thereof. The probate court had jurisdiction of the subject-matter and to make adjudication, and the adjudication made, however erroneous in point of fact or law, cannot, after the lapse of 34 years, be now questioned by plaintiff.

The decree in the circuit court is reversed, and the bill dismissed, with costs against plaintiff.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.