[File No. 6672.]

AUGUSTA BORNER and F. C. McCagherty, as Administrator of the Estate of Fritz Gappert, Deceased, Fred Gappert, August Gappert, Theodore Gappert, Henry Gappert, Emelie Muhlhauser, and Bertha Ellwein, Appellants, v. ABNER LARSON, as Special Guardian of Raymond Gappert and Charlotte Gappert, Minors, Emelie Holle Wolfe, Henry C. Holle, Emelie Krecklow, August Krecklow, Fred Krecklow, Julius Krecklow, Mathilda Muhlhauser, Selma Gappert Becker, and George Gappert, Respondents.

(293 N. W. 836.)

314

Opinion filed August 12, 1940.   Rehearing denied September 28, 1940.

*Sullivan, Fleck & Sullivan, Floyd B. Sperry, J. M. Hanley, Jr.* and *S. E. Halpern,* for appellants.

*Murray & Murray,* for respondent.

James M. Hanley, Jr., for the administrator.

BURR, J.   According to the record, Fritz Gappert, a widower, died March 11, 1938, intestate, leaving real and personal property in Morton county.

On April 5, 1938, his sister, Augusta Borner, filed a petition for letters of administration, and nominated F. C. McCagherty as administrator.   In the petition she alleged: "That the above-named respondents, Selma Gappert Becker, Judson, North Dakota, age 40, and George Gappert, Blue Grass, North Dakota, age 39, claim to be the adopted children of the decedent; that your petitioner has no information relative to such adoption and denies that they are the legally adopted children and heirs at law of the decedent."

On May 3, 1938, the respondents herein, George Gappert and Selma Gappert Becker, filed an answer to the petition, and on May 31, 1938, filed an amended answer and cross petition wherein they set forth that they are the adopted children of the decedent, "and consequently had and have the prior right of selecting an administrator;" that if Augusta Borner had any preference in the selection of an administrator, she "waived and forfeited same by not filing her petition for appointment within ten days after the death of the deceased;" and that

"F. C. McCagherty is an improper person and is an incompetent person to serve as administrator in the above entitled estate, for the following reasons, . . ." setting forth several. The cross petition prays for the appointment of J. V. McCormick and Ed. Tempel, both of New Salem, or either of them, as the administrator of the estate.

The petitioner, Augusta Borner, demurred to this answer on the ground that the records do not show that they are heirs at law of the decedent, and "it does not appear from the records of the said estate that they or either of them are qualified under the statute to ask for the appointment of an administrator or to object to the appointment of an adminisrator;" and further specifically denied that the "objecting respondents . . . have any interest in said estate or are heirs at law of the said decedent."

The county court granted the petition of Augusta Borner, and letters of administration were issued to F. C. McCagherty on June 1, 1938.

Three of the respondents, Julius Krecklow, Selma Gappert Becker, and George Gappert, appealed to the district court of Morton county. This court held that the said Selma Becker and George Gappert were the adopted children of the decedent and the sole heirs of the decedent, and "that neither the petitioner (Augusta Borner) nor any of the other above-named respondents, do have any right, title, or interest in any of the property in the estate of the said Frederick William Gappert, deceased, and have no power or authority to nominate or select an administrator for the said estate, nor the probating of the said estate, nor the distribution of the assets of the property thereof." Judgment was entered accordingly.

The petitioner moved the district court to set aside its judgment and to grant a new trial, based upon the ground of newly discovered evidence. The district court denied the motion, and Augusta Borner appealed, demanding a trial de novo.

In view of the law herein announced, it is not necessary to review the so-called "newly discovered evidence."

Section 8657 of the Compiled Laws provides that *administration of the estate of a person dying intestate must be granted* to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:

"1. The surviving husband or wife, or *some competent person whom he or she may request to have appointed.* (Italics ours.)

"2. The children.

"3. The father or mother.

"4. The brothers.

"5. The sisters.

"6. (to 10.) . . ."

This section also prescribes grounds of incompetency.

Where a child, brother, or sister has the right of administration and applies for the administration of the estate, the court has no discretion in the matter of appointment if the petitioner is competent, falls within a class named in the statute, and applies in time. Re Meier, 165 Cal. 456, 132 P. 764, 48 L.R.A.(N.S.) 858, Ann. Cas. 1914D 121.

"Statutes which establish priorities of those preferentially entitled to administer estates are mandatory, and may not be disregarded by courts if the person entitled to the preference is not otherwise disqualified." Re Webb, 90 Colo. 470, 476, 10 P. (2d) 947, 949.

The right to administer an estate is regulated entirely by statute. As said in Welsh v. Manwaring, 120 Wis. 377,.379, 98 N. W. 214, "This statute is clearly mandatory, and in itself declares its only exceptions." See also Nichols v. Smith, 186 Ala. 587, 65 So. 30; O'Neill v. Read, 179 Iowa 1208, 162 N. W. 775; Breen v. Pangborn, 51 Mich. 29, 16 N. W. 188, 190; Bresnehan v. Bresnehan, 221 Wis. 51, 265 N. W. 93, 99.

The overwhelming weight of authority is that set forth in 23 C. J. 1033 as follows: "Statutes regulating the order in which administration may be granted are mandatory and leave the courts no discretion in the matter." A leading case on this subject is Re Campbell, 192 N. Y. 312, 85 N. E. 392, 18 L.R.A.(N.S.) 606, and there it is shown specifically that "letters of administration upon the estate of an intestate must be granted to the relatives of the deceased in the order of priority named in the statute. . . ."

There is no claim made by any party that the decedent left a wife, father, mother, brothers, or a sister other than Augusta Borner. Unless, therefore, George Gappert and Selma Gappert Becker are legal-

ly the childen of the deceased, then Augusta Borner was the one first entitled to administration.

Section 8657, already cited, places the children in the second class of the order granting preference for administration.

With reference to adopted children, § 4448, Compiled Laws, provides: "The child so adopted shall be deemed, as respects all legal consequences and incidents of the natural relation of parent and child, the child of such parent or parents by adoption the same as if he had been born to them in lawful wedlock."

That the proper interpretation to be placed on the term "children," in the administration of an estate, includes adopted children is evident from a reading of § 7284 of the Compiled Laws. This section provides: "The term children includes children by birth and by adoption." Consequently, if George Gappert and Selma Gappert Becker are the adopted children of the decedent, then they are "children" within the purview of § 8657 of the Compiled Laws.

Among the "legal consequences and incidents of the natural relation of parent and child" is the right of inheritance, when such is conferred by statute. (See chapter 53 of Civil Code.) This right of inheritance, while it does not grow out of the relationship of parent and child, may be created and conferred in the exercise of legislative wisdom, because of the existence of that relationship. Calhoun v. Bryant, 28 S. D. 266, 133 N. W. 266, 271.

Adoption is a relationship artificially created by statute. The proceedings are wholly statutory and do not depend upon equitable principles. See St. Vincent's Infant Asylum v. Central Wisconsin Trust Co. 189 Wis. 483, 206 N. W. 921.

To establish a child's right to inherit from a person claimed to be his adopted parent, there must be proof of the adoption performed in strict accordance with the statute. Re McCombs, 174 Cal. 211, 162 P. 897.

As stated in Goshkarian's Appeal, 110 Conn. 463, 465, 148 A. 379, 380, "The adoption of a minor child, and the giving of it in adoption to persons other than its natural parents, is a procedure, and creates a status, unknown to the common law. Being of purely statutory origin, a legal adoption results if the statutory procedure is followed, but fails if any essential requirement of the statute is not complied with."

See·also Re Lamb, 140 Iowa 89, 117 N. W. 1118, 1120, 18 L.R.A. (N.S.) 226; Re Williamson, 205 Iowa 772, 218 N. W. 469; Re Nelms, 153 Wash. 242, 279 P. 748; Slattery v. Hartford-Connecticut Trust Co. 254 Mich. 671, 236 N. W. 902.

The burden of establishing full compliance with the statute authorizing adoption is placed upon the claimant. Re Munch, 155 Misc. 836, 280 N. Y. S. 533.

The statutory proceedings in this state, for the adoption of children, are found in chapter 9 of the Civil Code. In general, the requirements are that a person desiring to adopt another must "petition the district court or county court having increased jurisdiction in the county of his residence for leave to adopt a child not his own . . ."

The record shows that during all of the period from the time these alleged adopted children came to the home of the decedent until the time of his death, his residence was in the county of Morton. Consequently, any petition for the adoption of these persons must needs be filed with the district court of Morton county. There is no claim that the county court of Morton county had increased jurisdiction during any portion of that time; nor is there anything to indicate a resort to a district court of any other county.

Upon the hearing of such petition, the court, if deciding to grant the petition, must make and enter a decree, "setting forth the facts and ordering that from and after the date of the decree the child shall be deemed and taken to be the child of the petitioner. . . ." See § 4446 of the Civil Code, as amended by chapter 151, Session Laws, 1923; and see also § 4447 of the Compiled Laws.

No decree of the district court of Morton county, or of any court, is shown; there is no testimony on the part of anyone that any decree was ever entered; there is no claim by anyone that he ever saw such a decree or petition, or that such a petition was ever even filed. The record is wholly silent as to any attempt made to adopt the children under the provisions of the statute. There is no claim of substantial compliance with the statute, or of any attempted compliance whatever.

The statements of witnesses that a child has been adopted are a mere conclusion without probative force, in the absence of anything to show that the required legal steps for adoption have been taken.

Henry v. Taylor, 16 S. D. 424, 93 N. W. 641. Indeed, in Bresnehan v. Bresnehan, 221 Wis. 51, 265 N. W. 93, 97, the fact that the decedent believed the one said to be adopted was his son by adoption is shown to have no probative value for this point.

The fact that a child lived with one whose name he took gives rise to no presumption of adoption—in fact, the absence of a record of adoption gives rise to the presumption of its nonexistence. Re Kuehn, 170 N. Y. S. 900.

It is urged that even though there be no statutory adoption proven, yet George Gappert and Selma Gappert Becker must be considered the adopted children, because of what is alleged to be an executed contract for adoption.

No contract for adoption was introduced in evidence; but there is testimony tending to show that some such contract had been entered into, and some of the alleged terms are shown.

There is testimony tending to show that the decedent stated at various times that the children were adopted. Just what the decedent meant by the term "adopted" is not shown. He called them his adopted children, according to testimony introduced; but he may have called them the "adopted" children because of a contract entered into with a children's home, in which he agreed to adopt them. It is quite probable that the decedent concluded from the correspondence which passed between him and the Home, and the conversations had with the representative of the Home, that when he received the children, signed a contract to adopt them, and promised to adopt them, that this was adoption.

The decedent took the children into his home, called them his adopted children, presented them for confirmation in the church as his adopted children, and evidently considered that they were adopted.

As heretofore indicated, no written contract for adoption is in evidence, and there is not sufficient evidence to show any terms of such contract with reference to distribution, or to gifts, or grants of property. There are general statements to the effect that the children were taken for adoption, and were to be adopted and to be treated as the children of the decedent.

There being no evidence whatever showing compliance with the

statutory requirements relative to adoption, George Gappert and Selma Gappert Becker are not within class No. 2 as provided by § 8657 of the Compiled Laws, and therefore, are not entitled to administration. Not being entitled to administration, they are not entitled to nominate an administrator.

Augusta Borner, being the sister of the decedent, has the preferential right to administration and the right to nominate someone in her place, it being conceded that there is no surviving spouse, parent, or brother, and it being clear that there is no "child" as defined by our statute.

The district court, therefore, was in error in holding that the parties appealing from the decision of the county court are entitled to the right to administer the estate.

The district court, in hearing the appeal from the county court, not only determined that the respondents herein were the adopted children; but also held, in effect, that because the decedent died intestate, these respondents inherited the estate.

Our holding that the court was in error in determining the respondents were the adopted children does not determine that the respondents have no interest in the estate under the alleged executed contract for adoption. The question of the right to administer an estate and the question of an interest or share in an estate are, in this case, two separate and distinct matters. This decision in no way determines that the respondents have no interest in the estate, and therefore, this matter is left undetermined. If proof of an executed contract to adopt is forthcoming, then the rights of the respondents thereunder will be determined at the time of the settlement and distribution of the estate.

The decision of the lower court is reversed and the decision of the county court, holding that Augusta Borner had the right to nominate someone as administrator in her place, is affirmed.

MORRIS and CHRISTIANSON, JJ., concur.

NUESSLE, Ch. J. (dissenting). I am unable to agree with all that is said in the foregoing opinion. I think the record establishes at least

an executed contract to adopt, and that as between the parties thereto this created the same rights, obligations and duties that an adoption legally executed would have created. Re Firle, 197 Minn. 1, 265 N. W. 818. Accordingly, the respondents George Gappert and Selma Gappert Becker, are to be deemed the children of George Gappert, deceased. Comp. Laws 1913, § 4448. As such they are entitled to nominate the administrator of the estate of George Gappert, deceased (Comp. Laws 1913, § 8657) subject, however, to the exercise of a reasonable discretion by the county court in the matter of his appointment. Comp. Laws 1913, § 8663; Ellis v. Ellis, 42 N. D. 535, 174 N. W. 76.

BURKE, J., I concur in the foregoing dissent.