[File No. 6974]

EMELIE MUHLHAUSER, Mathilda Mulhauser, Bertha Ell-wein, Henry Gappert, August Gappert, Fritz Gappert, The-odore Gappert, Raymond Gappert, Charlotte Gappert, Augusta Borner, Emelie Holle Wolf, Henry C. Holle, Ab-ner Larson, Special Guardian of Raymond Gappert and Charlotte Gappert, Minors, and F. C. McCagherty, as Administrator of the Estate of Frederick William Gappert, Also Known as Fritz W. Gappert, Deceased, Appellants, v. SELMA BECKER and George Gappert, Respondents.

(20 NW2d 364)

Opinion filed August 8, 1945.   Rehearing denied Oct. 22, 1945

*Sullivans, Fleck & Higgins,* and *Floyd B. Sperry,* for appel-lants.

*J. K. Murray,* for respondents.

BURR, J. This appeal involves another angle of the matter involved in Borner v. Larson, 70 ND 313, 293 NW 836. In order to avoid confusion Emelie Muhlhauser, and the others associated with her on this appeal, are termed plaintiffs and Selma Becker and George Gappert are termed defendants. In the case of Borner v. Larson, the defendants had contested the right of Augusta Borner to name the administrator of the estate of Fritz Gappert deceased and demanded that right for themselves. We held that under the showing they made they had no such right. The county court appointed F. C. McCagherty and he qualified June 1938.

On February 21, 1941 the defendants petitioned the county court to remove McCagherty and this petition was served upon the plaintiffs. On that day the county court ordered McCagherty to appear on March 19, 1941, file an account and show cause why he should not be removed. The plaintiffs and the administrator answered objecting to the revocation of the letters of

administration, and McCagherty filed a "final account" on March 22, 1941.

July 23, 1941 the matter came on for hearing but apparently was continued, and on April 20, 1942 the administrator filed a "Supplemental account" based evidently upon an alleged stipulation and settlement made by and between the parties hereto.

On April 22, 1942 the county court entered an order allowing the final report of McCagherty, this being based upon the alleged stipulation and settlement made between the parties, and on April 23, 1942 the county court made a final decree of distribution dividing the estate in accordance with this agreement.

On May 4, 1942 the county court "cancelled and annulled" this decree stating "it was procured by fraud and misrepresentation and this court committed error in issuing the same." On the same day the county court made an order revoking the allowance of the final account of McCagherty which had been filed on April 23, 1942. On May 7, 1942, the county court removed McCagherty as administrator and appointed P. S. Jungers. No notice of any motion for revocation and annulment, or of application to remove McCagherty and to appoint Jungers was ever served upon the plaintiffs:

On May 9, 1942, the plaintiffs served notice of appeal to the district court from this order removing McCagherty and appointing Jungers on the ground that the order of annulment was made without notice. This appeal was based on three grounds: That McCagherty was the sole and legal administrator of the estate; that a valid final decree in the estate was still in full force and effect and was entered by the court on April 23, 1944; and that no legal and sufficient citation was issued as a basis for revoking the said final decree.

On October 1, 1942, the district court, upon motion of the defendants dismissed this appeal which had been taken from the order of the county court "which order revokes, annuls, sets aside and rescinds" the decree of distribution of May 7, 1942.

On July 8, 1942 the county court issued a Citation to Jungers and to the plaintiffs requiring them to appear on July 27, 1942 and show cause why Jungers should not file a final account and

have the estate closed, and why the estate should not be distributed to the defendants herein.

On August 7, 1942 Jungers filed his "final account." Therein he showed he had attempted to get from McCagherty possession of all of the assets of the estate, had made a demand upon McCagherty for the property and the moneys belonging to the estate and that he had received nothing from McCagherty; that the estimated amount of the estate in the hands of McCagherty amounted to "upwards of $25,000.00."

On August 7, 1942 a "Final Report and Accounting and Petition for Distribution" was filed. The plaintiffs filed an "Answer and Return to the Citation" wherein they objected to the jurisdiction of the County Court . . . to decide any of the matters referred to in the said Citation and particularly to hear or receive a Final Account of P. S. Jungers . . . upon the following grounds and reasons:

"1. That no Petition has been presented to the said County Court of Morton County, North Dakota, authorizing or requesting the issuance of said Citation in behalf of any persons legally entitled to invoke the jurisdiction of the said Court.

"2. That the said P. S. Jungers is not the legally appointed, qualified or acting administrator of the said estate, but that the said administrator is F. C. McCagherty.

"3. That there is now of record in the said County Court of Morton County a good, valid and subsisting Order Allowing Administrator's Final Report and Account, and Final Decree of Distribution, awarding the property to the heirs of the said decedent, and to George Gappert and Selma Gappert Becker, in accordance with a contract between the said heirs and the said Selma Gappert Becker and George Gappert.

"4. That Citation cannot legally issue for the hearing of the Final Account of an administrator or the final distribution of said estate in any event until such Final Account of such administrator and Petition for Final Decree of Distribution has been presented to and filed by him with the County Court, no such report or petition having been filed by the said P. S. Jungers at the time of the issuance of said Citation on July 8th, 1942.

"5. That the County Court of Morton County has no authority in any event to grant any property of the said decedent to Selma Gappert Becker or to George Gappert, except in accordance with the contract signed between the said Selma Gappert Becker and George Gappert, and the heirs of said estate, on or about the 17th day of April, 1942, for the reason that all other claims of the said George Gappert and Selma Gappert Becker to any of the property of said decedent are based upon the claims of the said Selma Gappert Becker and George Gappert, under a contract to adopt them alleged to be made on their behalf with the said decedent, and that such rights are contract rights which can be decided only by a Court of general jurisdiction."

We need not consider grounds four and five. The record of the county court shows: that a citation was issued by the court, and, "duly served on the petitioner and all the respondents, and the attorneys for the petitioner and respondents, and pursuant to the stipulation of the parties for continuing the hearing, and settling as a date for hearing August 7, 1942, which stipulation for continuance was approved by the Court, and pursuant thereto the parties by their respective attorneys, and the respondents, Selma Gappert Becker and George Gappert, having appeared in Court on the 7th day of August, 1942, at 11 o'clock A. M., and the administrator, P. S. Jungers, having filed his final account, and there being no objections filed against same by any of the parties, and the Court having duly considered said final account of the administrator, P. S. Jungers it is hereby,

Ordered That the said final account of the said P. S. Jungers, as administrator of said estate, it is hereby in all things allowed and approved.

This Order is made before and prior to the making and entering of Decree of Distribution in the above entitled action; . . . ."

This is part of the record on this appeal. On August 7, 1942, the county court overruled the objections, allowed this report of Jungers and provided that the said Jungers "be not discharged at this time, and that he remain in office as administrator for all purposes, including the special purpose of recovering

the assets of the estate for the sole heirs decreed herein to-wit: Selma Gappert Becker and George Gappert and for the special purpose of recovering on the cause of action against the said F. C. McCagherty the removed administrator and the sureties or surety on his administrator bond."

The plaintiffs appealed and moved the district court to reverse the order of the county court on the following grounds:

1. F. S. McCagherty is the sole and legal administrator of the said estate and was at the time of the entry of the order so appealed from.

2. A valid final decree in the said estate still in full force and effect was entered by the said Probate Court on or about April 23, 1942.

3. No legal and sufficient Citation was issued as a basis for issuing the said Order Allowing Final Account of P. S. Jungers, administrator appealed from.

While this appeal was pending in the district court, and on February 3, 1943, the defendants petitioned the county court to re-hear its order of April 22, 1942, and re-hear all of the matter set forth therein including the alleged fraud arrived at in the settlement made by the parties and also the question of any wrongful payments made by McCagherty.

On February 4, 1943, the county court issued its citation to the defendants in the matter of this application to re-hear.

On April 17, 1943, the parties entered into a stipulation to the effect that the time for the court to hear this petition to re-hear be set for May 17, 1943.

On June 7, 1943, the parties appeared in the county court; the county court re-heard the application to have McCagherty removed and Jungers appointed administrator in his place, and again adjudged: that McCagherty be removed; that the order allowing the final account be annulled; and that Jungers be appointed administrator in his place. No appeal was taken from this order of the county court reaffirming the removal of McCagherty and the reception of the account of Jungers.

On May 22, 1944, the district court found that at the time Jungers made this reputed "final account" he "was not in a

position to file a final report and account, and he had no property in his hands belonging to the estate; that the purported final report and account of P. S. Jungers, and the order of August 7, 1942, allowing the same, from which appeal herein was perfected is in fact not a final report and account; and the said P. S. Jungers had not come into possession of property belonging to the estate."

In these "Findings of Fact" the court states "that the Court herein has made memorandum opinion, delivered the same to respective counsel, and filed the same in this Court, and that the facts stated in said memorandum opinion is by reference made the facts in this case, and by reference the said memorandum opinion being dated January 31, 1944, is made a part hereof."

In this "memorandum opinion" dated January 31, 1944, the court states, "the Court has made a memorandum opinion in the companion appeal from another order of the County Court of Morton County entered on August 7th, 1942, and the matters of fact and the matters of law herein stated insofar as applicable to this appeal is herein referred to and made a part of this memorandum opinion."

Thus in the "Findings of Fact" in this appeal dated May 22, 1944, the trial court incorporates its memorandum opinion of January 31, 1944, and the memorandum opinion in the companion case just decided consisting of fifty-nine typewritten pages. The result is that in the document known as "Findings of Fact, Conclusions of Law and Order for Judgment" filed in this case now under review, the court attempts to include as the findings such statements of fact as are made in these two memorandum opinions.

Objection is made by appellants to the procedure of the trial court in incorporating the memorandum opinions in its findings. § 28–1602, Rev Code 1943, requires the findings of fact and the conclusions to be stated separately. The plain implication of the statute dealing with findings—Section 28–1601 to Section 28–1605, Rev Code 1943—is that the "findings" shall state the facts precisely, concisely and in one document. The trial court

made a memorandum opinion consisting of three pages which opinion passes on the law of the case as it appeared to the trial court and the facts stated are, in essence, set forth in the findings of fact and the conclusions of law. No motion was made by the plaintiffs to amend the document termed the findings so as to set forth therein these opinions and as the findings contain in essence the facts stated in the memorandum opinion of this case we merely refer to the objection to clarify procedure. The document required by statute to be filed by the district court, and known as the Findings of Fact should in itself contain all of the findings of the court so that reference to that document alone will inform the parties and the appellate court what the facts are as found by the court, and not require reference to other documents.

From the findings the trial court concluded:

"1. That the Order of August 7th, 1942, allowing the Final report and account of Administrator P. S. Jungers, be and the same hereby is in all things reversed, and said order is dissolved, set aside, terminated and ended; and

2. The appellants are entitled to judgment against respondents, that the County Court enter order reversing the order from which appeal is herein taken; and directing the duly appointed, qualified and present acting Administrator, P. S. Jungers, to take over the cash on hand of F. C. McCagherty, Administrator, and to take over the possession and control of the personal property and all of the residue of said estate, and to continue in an orderly fashion under the directions of the Court as is provided by law, and complete his administration of said estate. Order and judgment is entered accordingly."

On this appeal the plaintiffs seek to have the order of the county court allowing the final report of Mr. Jungers set aside. It is true the district court did so; but the grounds for doing so are not in accordance with the record. *The real situation is that at the time Mr. Jungers made this report he was not the legally appointed administrator and the trial court should have so held.* Mr. McCagherty had not been removed legally.

The record on this appeal does not show the action of the county court in re-hearing its order of May 4, 1942, removing McCagherty and appointing Jungers, which order of review was made June 7, 1943. We have set it forth in the chronology of this case as it is evident the trial court, on this appeal was perfectly familiar with the record in the other case, which record shows this county court order of June 7, 1943, and was influenced thereby.

The record on this appeal does contain the portion of the record of the county court, shown above, which recites that at the hearing on August 7, 1942, when the report of Jungers was before the county court, the parties to this appeal were present; but there is nothing to show that in any way they waived their objections that no notice of any petition for the removal of McCagherty and the appointment of Jungers was served upon them.

The trial court did have before it the order of August 7, 1942, wherein the county court provided that Jungers "be not discharged at this time," etc., as quoted hereinbefore, and, while setting aside the Jungers report as a final report, found in the final analysis and by clear implication that Jungers was still the administrator. This was not before the trial court upon the record in this case. On this hearing the trial court should have held that at the time this appeal was taken, Jungers was not the administrator of the estate, therefore, "his report" was annulled. That would have settled the issue.

We are not passing upon the legality of the action of the county court on June 7, 1943, in re-hearing the order of May 4, 1942; even though this order was made upon notice to the plaintiffs, their appearance at the hearing and their failure to take an appeal from the order. When further reports by Jungers are filed with the county court, that court will pass upon the actions of Jungers on and after June 7, 1943. We are not determining any of the issues peculiar to that feature of the case.

The judgment of the trial court is modified so as to eliminate any order to Mr. Jungers to proceed with the administration of

the case. The judgment is affirmed insofar as it holds that the order allowing the Junger's report is annulled and set aside in its entirety. With this modification, the judgment is affirmed.

CHRISTIANSON, Ch. J., and MORRIS, BURKE and NUESSLE, JJ., concur.

BURR, J. The respondents, Selma Becker and George Gappert petition for a rehearing. They were the respondents in this case #6974.

There were two appeals in case #6971. [Post, 103, ante, 90, 20 NW2d 363, 353.] In #6971 Muhlhauser et al. appealed to the district court from the decree of the county court, that court having assumed jurisdiction to determine the interest of Selma Becker and George Gappert in the estate being probated and having decreed them the estate. The district court upheld the county court and at the same time made certain allowances to Muhlhauser et al. as fees for his attorneys and for the administrator McCagherty. Respondents appealed from the judgment in so far as it made these allowances. These two appeals came up in case #6971.

There was also another case connected with the settlement of this estate. In this second case Muhlhauser et al. appealed. This is our #6974 and is the case involved in this petition for rehearing. This is the appeal these petitioners term "Appellants' Second Appeal." These three appeals arise out of the administration of this estate, and are in addition to the appeal involved in Bornér v. Larson, 70 ND 313, 322, 293 NW 836.

These three appeals, subsequent to the Borner v. Larson case, were briefed by the petitioners in one brief, and they term it "Respondents' Brief on Three Appeals." The only point raised therein by the respondents with reference to the matter involved in what they term "Appellants' Second Appeal"—that is, this case—is that it is an "Appeal from the Memorandum of Decision of the District Court vacating the order and decision of the County Court which decision of the County Court allowed the final account of the Administrator, P. S. Jungers."

The respondents alleged in this brief on the main argument "There was never any Findings of Fact or Conclusions of Law"

made by the district court; that there was a "Memorandum Opinion" filed in the case and that "Consequently, this second appeal is from something that which is not appealable, to-wit: The Memorandum of Opinion of the District Judge." This was their argument on the appeal here.

In the opinion we ignored that attitude, for the benefit of the respondents, and determined the issue as it was presented to us upon the record. We do set forth that there were findings of fact and conclusions signed by the court, despite the fact that respondents alleged in their brief no such findings or conclusions were made or signed. We showed how extensive these were, for the court had incorporated the memorandum opinion therein as part thereof. Judging by the brief filed upon argument on appeal, it is very clear respondents had overlooked the certified record of the clerk of the district court showing the findings of fact, conclusions of law and order for judgment.

The record in this case—the findings of fact, which include the "Memorandum Opinion,"—shows that one McCagherty was or had been administrator. As we point out in the opinion the county court allowed the final report of McCagherty and entered a decree of distribution accordingly, based upon an alleged stipulation of settlement. A few days thereafter, the court, by order, reversed itself. The appeal is from this order.

Thereafter without any notice the court removed McCagherty and appointed Jungers.

Apparently in an attempt to correct the alleged error in removing McCagherty without notice the county court issued notice and citation to Muhlhauser et al., required them to show cause why McCagherty should not be removed, but this was months after the appeal was taken to the district court in the matter before us now.

When this case was before us for argument the respondents stated specifically:

"The thing the appellants are appealing from, if anything, is merely an "order for a decree or a direction for a decree to be entered." This is not a final order, nor a final decree, and consequently no appeal can be taken therefrom."

This is followed by several citations and respondents close their brief by saying, "Consequently this second appeal of appellants must be dismissed."

In this petition filed by respondents, petitioners allege that this court was confused by the "voluminous record." There is a "voluminous record" in case #6971 which we may call the companion case. In that record there may be and probably are papers and records which could have been used in the appeal in this case known as #6974. We pointed out in the main opinion that "the record on this appeal does not show the action of the county court in rehearing its order of May 4, 1942 . . . ." We referred to the record in the other case in an attempt to clarify it chronologically. Clearly the voluminous record confused the petitioners with reference to what this record contains.

On this petition for rehearing respondents abandoned entirely the position taken by them in the brief and on argument. No longer do they claim this is an appeal from a "Memorandum Opinion" and that there are no findings of fact or conclusions of law.

The appeals in these cases, the records prepared, and the manner of briefing do not tend toward a proper consideration of separate appeals nor the consideration of separate actions growing out of the same state of affairs. We determine the issues upon the record presented to us in the appeal under consideration. We can not go searching other records.

In the petition for rehearing respondents state:

"The order removing McCagherty recites ample ground for his removal. While it is true the decision of this court undoubtedly is correct the order of the district court was favorable to the appellants. The appellees did not appeal from it. That part of the court's decision affirming the district court is correct and is satisfactory as far as these appellees are concerned. However, it contains dynamite which will breed confusion in future proceedings in the probate court in that it practically says that McCagherty was never legally removed and Jungers was

never legally appointed. Appellees suggest that this part of the opinion should be modified so as to conform to the record."

May be "the order removing McCagherty recites ample ground for his removal." We do not know. It is not in the record here.

We fail to see where the opinion will "breed confusion in future proceedings." We say that on the record before us "we are not passing upon the legality of the action of the county court on June 7, 1943 in rehearing the order of May 4, 1942." We say we do not determine any of the issues connected therewith. If McCagherty has been removed and Jungers appointed the records of the county court will show it. There is nothing in this decision which passes on such action or prevents any consideration.

The petition for rehearing is denied.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE and MORRIS, JJ., concur.