NORTHERN BAG COMPANY, Appellant, v. DAKOTA PLAS-
TER COMPANY, Respondent.

(173 N. W. 726.)

(File No. 4445.   Opinion filed August 15, 1919.   Rehearing denied
November 8, 1919.)

1.  Appeals—Error—Settled Record, Nunc Pro Tunc, After Motion
    for New Trial and Notice of Appeal—Certificate to Record,
    Jurisdiction re Motion for New Trial.

    Where a record was settled by agreement of respective at-
    torneys, and everything essential to its settlement had occurred
    prior to granting of new trial, save the certificate of settle-
    ment by trial court, and, as so agreed upon, was presented on
    hearing of motion for new trial and acted upon as if trial court
    had in fact certified it before the hearing, held, that a certifi-
    cate thereafter was appropriately made, and trial court had
    authority and jurisdiction to make same, notwithstanding prior
    perfecting of appeal; that circuit court retains jurisdiction
    thereafter for purposes of settling the appeal record.

2.  Sales—Jute Bags, Inferior Make, Thereafter Burned—Whether
    Accepted by Vendee—"Ten Ounce," Quality, Not Weight, Con-
    templated.

    Where "ten ounce" jute bags were ordered by defendant
    from plaintiff, held, that the words "ten ounce" in the order
    related to quality of the goods, and not to the weight of each
    particular bag.

3.  Same—"Ten Ounce" Jute Bags—Evidence re Quality, Conflicting
    Evidence re Right to Refuse Acceptance—Sustaining Recov-
    ery, Whether Abuse of Discretion.

    Where, in a suit to recover for "ten ounce" jute bags sold
    defendant upon order, defendant's contention being that the
    goods were much lighter than ten ounce goods and poorly
    woven and unfit for defendant's use, held, there being some evi-
    dence tending to show that defendant had treated the bags as
    its own property by collecting insurance for their destruction
    by fire, and evidence concerning defendant's right to and its
    refusal to accept the bags being conflicting, trial court in grant-
    ing motion for new trial did not abuse discretion; record not
    showing ground on which new trial was granted.

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by the Northern Bag Company, a corporation, against the Dakota Plaster Company, a corporation, to recover for the value of jute bags sold. From an order granting a new trial after verdict and judgment for plaintiff, plaintiff appeals. Affirmed.

*Williams & Sweet,* for Appellant.

*Buell & Denu,* for Respondents.

(1) To point one of the opinion, Appellant cited: Parrott v. City of Hot Springs, 9 S. D. 205; Laws 1913, Ch. 178, Secs. 3, 6; Harden v. Graham, 36 S. D. 525, 155 N. W. 782; Pierre v. Ft. P. B. Ry. Co. v. Stuart (S. D.) 168 N. W. 34; Adams v. Dohrmann 63 Cal 417.

Respondent cited: Thompson v. Meridian Life Insurance Co. (S. D.) 153 N. W. 993; State ex rel Rearick v. Leggett, 32 S. D. 255, 142 N. W. 974; Laws 1913, Ch. 178, Sec. 6.

McCOY, J. Plaintiff brought this action against the defendant to recover for the contract price of 10,000 jute bags, alleged to have been sold and delivered to defendant on or about the 24th day of April, 1916. The defendant denied that plaintiff had delivered to it the jute bags defendant agreed to purchase. Defendant alleged that it ordered from plaintiff 10,000 10-ounce jute bags at $110 per thousand, and that plaintiff wholly failed to deliver or make said shipment so ordered, but, on the contrary, shipped to defendant bags weighing only 8¼ ounces, poorly woven and wholly unfit for the purpose for which defendant ordered the same, and that after defendant inspected said shipment, and after finding that the same did not comply with the order, defendant immediately notified plaintiff that it would not receive or accept the same, and that the same were held by defendant subject to the order or disposition of plaintiff; that no contract or sale was ever completed, and that said bags actually delivered never in fact were sold to or became the property of defendant; and that while the plaintiff was the owner of said bags so shipped to defendant they were entirely destroyed by fire without any negligence on the part of defendant. On the trial there was verdict and judgment in favor of plaintiff. Defendant thereupon moved the court for a new trial, based upon the grounds of insufficiency of the evidence

to justify the verdict and errors in law occurring at the trial. After the hearing of said motion, the learned trial court granted the same, and from which order granting a new trial the plaintiff appeals.

[1] Motion, on order to show cause, is made to have the order settling the record, nunc pro tunc, after notice of appeal, declared null and void. The contention of appellant is that the trial court was without jurisdiction to grant said motion for new trial on the ground that at the time said motion for new trial was heard and granted the record had not been settled, and that by reason thereof the trial court was without jurisdiction to hear or grant said motion. It appears from the record, and is conceded by appellant, that everything essential to the settlement of the record had taken place prior to the granting of the new trial, with the exception of the certificate of settlement required to be made by the trial court, and that the trial court at a date later than the granting of the new trial, and after appeal had been perfected, made a certificate settling said record. The certificate of the trial court certifying that a record has been duly settled is evidence of such settlement only, and does not constitute an integral part of the settlement itself. Under our statute the trial court is a necessary and an interested party to the settlement of every appeal record. In this case it appears that attorneys for respective parties met and agreed upon what the settled record should contain, and that the same, as so agreed upon, was presented to the trial court on the hearing of the motion for new trial, and was acted upon by the trial court the same as if the trial court had in fact made the certificate before the bringing on of the motion. We are of the view, under these circumstances, that the certificate was properly and appropriately made, and that the trial court had authority and jurisdiction to make the same, notwithstanding the prior perfecting of the appeal to the supreme Court. On numerous occasions this court has held, under our statute, that the settlement of the appeal record is primarily in the hands of the trial court, and that after an appeal to this court the record may be sent back to the trial court for amendment or further settlement; that the trial court, notwithstanding the perfection of an appeal, still retains jurisdiction for the purposes of settling the appeal record. The nunc pro tunc certificate of settlement of the

record was properly and appropriately made by the lower court.

[2, 3] Under the theory of the pleadings the only issue was whether or not the respondent had accepted the jute bags which were the subject of the alleged sale under the alleged contract. If the bags had been accepted under the contract—and if they were accepted at all it necessarily must have been under the contract—then they were respondent's bags at the time of the fire, and appellant would be entitled to recover the contract price; but if respondent had the right and did refuse to accept the same, they belonged to appellant and no recovery therefor could be had against respondent. If the said bags complied with the terms of said contract, respondent could not rightfully refuse to accept the same. The respondent ordered and appellant contracted to deliver 10-ounce jute bags. The word "10-ounce" related to the quality of the jute goods of which the bags were constructed, and not to the weight of each particular bag. The contention of respondent was that a large portion of said bags were not made of 10-ounce goods, but of a much lighter quality, and were poorly woven, and were not fit for the use for which respondent agreed to purchase them. There is testimony which indicates that some of said bags did not comply with said contract and would have furnished ground for refusing to accept the same. There was some testimony tending to show that respondent had treated said bags as its own property by collecting insurance for their destruction by fire. There was sharp conflict in the testimony as to whether or not respondent had the right and did in fact refuse to accept the said bags. The learned trial court that granted the motion for new trial heard all this conflicting testimony, and observed the manner and appearance of the various witnesses who testified. Under such circumstances we cannot say that there was an abuse of discretion in the granting of the motion for new trial. Western Surety Co. v. Boettcher, 39 S. D. 541, 165 N. W. 381; Drew v. Lawrence, 37 S. D. 620, 159 N. W. 274; Ede v. Ward, 32 S. D. 351, 143 N. W. 269. It does not appear from the record on what particular ground the motion for new trial was granted. Inspection of the record discloses no ground for reversing the order appealed from.

Finding no prejudicial error in the record, the order appealed from is affirmed.