STATE, ex rel. REID, Plaintiff, v. CIRCUIT COURT OF
SEVENTH JUDICIAL CIRCUIT, et al, Defendants

(9 N. W.2d 699.)

(File No. 8642.   Opinion filed May 27, 1943.)

Original Proceeding

Thos. G. Wall, of Sturgis, for Plaintiff.

Whiting & Wilson and H. F. Fellows, all of Rapid City,
for Defendant.

RUDOLPH, J.   This is an original proceeding in this court in certiorari.   The plaintiff contends that the defendant Circuit Court and the judge thereof exceeded the jurisdiction of the court in permitting the filing and in refusing to quash a certain supplemental answer.

The facts disclose that one Crilly, administrator of the estate of Joanna Held, deceased, commenced an action against certain defendants for the purpose of setting aside conveyances executed by Joanna Held during her life time. The present plaintiff, Clara Held Reid, applied for and was granted the right to intervene in the administrator's action. In addition to joining in the complaint of the administrator, this plaintiff as intervenor alleged that she was the only legal heir of Joanna Held, and as such entitled to inherit all of her property.   Intervenor asked that the trial court decree and determine that all property of the deceased be set aside and transferred to her.   Thereafter, one Margaret Reithmann was by a stipulation of the parties, including the intervenor, made a party plaintiff.   This new party also joined in the complaint of the administrator but took issue with the intervenor upon all other allegations contained in the complaint in intervention, and spcifically denied that intervenor was a legal heir of the deceased. Margaret Reithmann was claiming to be one of several whom she asserted were entitled to the estate of the deceased.   It appears, therefore, that the action which was commenced simply as an action in equity to set aside certain conveyances assumed much larger proportions, to which no one objected, and all proceeded to try the issues presented by the various pleadings.   At the conclusion of the trial the trial judge by written opinion indicated that he had determined all of the issues in favor of this plaintiff, the intervenor.   Thereafter, and at a time when all parties were before the court, Margaret Reithmann moved the court to reopen the case and permit her to file a supplemental answer, which motion was granted, and intervenor was given ten days after the service of such pleading within which to respond.   Intervenor subsequently applied for and received additional time

within which to make her response. Within the additional time granted, intervenor moved to quash the supplemental answer upon the grounds that the court lacked jurisdiction to entertain the pleading for the reason that Margaret Reithmann had failed to comply with the law governing supplemental pleadings, and, further, that the supplemental answer raised issues which were not related to the issues involved in the action, and stated a new cause of action which should be tried in a separate action. The motion to quash was denied, and this present proceeding was commenced.

■ The supplemental answer alleged that subsequent to the filing of the complaint by Margaret Reithmann, she and the intervenor entered into a contract in writing wherein it was agreed that any recovery made in the action on the part of Margaret Reithmann or by intervenor should be divided equally between Margaret Reithmann and intervenor. This present proceeding being in certiorari we are concerned only with the jurisdiction of the circuit court to permit the filing of the supplemental answer. SDC 37.0401; Austin v. Eddy, 41 S. D. 640, 172 N. W. 517; Southwest Branch of Rural Reciprocal Telephone Co. v. Dakota Cent. Telephone Co., 53 S. D. 121, 220 N. W. 475; State ex rel. Grey v. Circuit Court of Minnehaha Co. et al., 58 S. D. 152, 235 N. W. 509.

■■ SDC 33.0913 relates to supplemental pleadings and provides: "Upon motion of a party, the Court may, upon reasonable notice permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. * * *" Whether the requirement in the statute of "reasonable notice" goes to the jurisdiction of the court, and whether the facts disclose a reasonable notice of the motion to file the supplemental pleading, we need not determine. We are convinced that any failure to give notice of the motion was waived by plaintiff by voluntarily appearing and asking for and receiving additional time within which to make response to the supplemental answer. The notice required by the statute is for the bene-

fit of the plaintiff and being for her benefit may be waived by her. Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992.

██ Neither need we determine in this proceeding the exact function of a supplemental pleading. It is clear under SDC 33.0913 that the trial court has jurisdiction to permit a supplemental pleading. Whether the particular pleading permitted by the court pleads matter which is the proper subject of a supplemental pleading must be determined by a judicial decision, if determined at all. The trial court having jurisdiction to permit the filing of a supplemental pleading, it must follow that such court has the jurisdiction to judicially determine whether the proposed pleading meets the legal requirements of such a pleading. Even if such determination is wrong, the jurisdiction of the court to make the determination would not thereby be affected. Such is the import of the decisions above cited in support of the extent of the review by this court in certiorari.

Plaintiff relies to a large extent on the case of Berssenbrugge v. Luce Mfg. Co., D. C., 30 F. Supp. 101, but no question of jurisdiction was involved in that case. We are convinced that the reference to jurisdiction in the opinion was inadvertent.

In our opinion, the circuit court acted within its jurisdiction. The proceedings below are affirmed.

All the Judges concur.