CRILLY, et al., (REID, Intervener), Appellant v. MORRIS, et al., Respondents

(15 N. W.2d 742.)

(File No. 8727. Opinion filed September 12, 1944.)

**Thos. G. Wall,** of Sturgis, for Appellant.

**Whiting & Wilson** and **H. F. Fellows,** all of Rapid City, for Respondent.

ROBERTS, J.   M. A. Crilly, administrator of the estate of Joanna Held, deceased, commenced an action in the circuit court of Pennington County, against S. Fred Morris and Isaac A. Morris to set aside three deeds and a bill of sale purporting to have been executed by decedent during her lifetime. Clara Held Reid claiming the property by reason of the status which she acquired under an alleged agreement of adoption and inheritance was permitted to intervene and join with plaintiff administrator.   Thereafter, the attorneys for plaintiff, defendants and intervener Clara Held Reid stipulated: "That those persons who claim to be heirs of the estate of Joanna Held, deceased, * * * are very numerous and it may be impractical to bring them all before the Court, * * * and that the Court may therefore appoint Margaret Reithmann, who is one of said persons, to represent the interests of all, and that the said Margaret Reithmann may be joined as a plaintiff in this action and that she may answer to the complaint of the intervener for all of said persons of like interest and may represent them for all purposes throughout the trial of said action."   Margaret Reithmann answering the complaint of Clara Held Reid in intervention admitted that defendants conspired to defraud the rightful heirs of Joanna Held, deceased, and to deprive them of their interest in the property involved in the action, but denied that intervener was an heir of decedent or had any interest in the property. After trial of the cause and filing of memorandum decision determining the issues in favor of intervener, Margaret Reithmann obtained permission of the court and filed a supple-

mental answer alleging "that since the date of the service of this plaintiff's original answer herein this plaintiff and the intervening plaintiff, Clara Held Reid, have entered into a contract in writing by which they have agreed that the net proceeds of any recovery made on the part of the plaintiff, Margaret Riethmann, for herself and others of like interest whom she represents in this action, or by the plaintiff in intervention, Clara Held Reid, after first deducting all necessary items of cost and expenses incurred by either of said parties by way of clerk fees, officers fees, or the taking of testimony, should be divided equally between said plaintiff, Margaret Riethmann, and those whom she represents in this action, and the plaintiff in intervention, Clara Held Reid, and that each of said parties should pay her own attorney's fees from her share of said recovery." In State v. Circuit Court of Seventh Judicial Circuit, 9 N. W.2d 699, an original proceeding in certiorari, this court held that the court below did not exceed its jurisdiction in permitting filing of the supplemental answer.

The intervening plaintiff, Clara Held Reid, thereafter, filed a reply to the supplemental answer alleging that such pleading presented issues which did not relate to those involved in this action; that there was a failure of consideration for the contract for division of net proceeds in the event of recovery; and that said intervener was induced to sign the contract by a promise, which was not fulfilled, of counsel for plaintiff administrator that he would procure the deposition of a material witness. The contract was then admitted and testimony was taken as to the circumstances under which the contract was entered into. The court found "that all property both real and personal and all damages * * * should be awarded in equal parts to the plaintiff, Margaret Riethmann, an intervening plaintiff, Clara Held Reid, by reason of the contract." From a judgment subsequently entered, Clara Held Reid appeals.

SDC 33.0913 provides as follows:

"Upon motion of a party, the Court may, upon reasonable notice permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be sup-

plemented. If the Court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

■ ■ It is the contention of appellant that the supplemental pleading in question sought a recovery upon a cause of action distinct from that stated in the original pleadings. It is claimed that the present action was brought by plaintiff administrator to set aside certain transfers and that the question in dispute between appellant and respondent as to the right to inherit the properties covered by the transfers was not involved. Section 33.0913, supra, limits a supplemental pleading to matters occurring after the date of the pleading sought to be supplemented. It is silent as to the proper scope of such a pleading. It does not expressly provide that the new facts must be "material to the case" as was required by the provisions of Section 2381 Rev. Code 1919. It has been stated that provisions similar to those contained in Section 2381 made applicable to actions at law, as well as suits in equity, the rules in chancery pertaining to supplemental pleadings. Swedish-American Nat. Bank v. Dickinson Co., 6 N. D. 222, 69 N. W. 455, 49 L. R. A. 285. The general rule is that it is never permissible by a supplemental pleading to introduce a new or independent cause of action, except such grows out of, or is germane to, that stated in the original pleadings. 30 C. J. S., Equity, § 425. Whether a preservation of these limitations is intended we are not required to determine, but may assume, without deciding, that they are implied in the new rule. Appellant submitted evidence in the court below and sought findings as to her right to inherit the property. The parties having treated the issue of title as properly in the case and appellant having assented to a determination of her rights in the property, she cannot now sustain claim of error in permitting respondent to plead by supplemental answer the agreement setting forth the extent of recovery if either of the parties prevailed.

■ We find ourselves unable to agree with appellant that the contract of settlement was without consideration. When this settlement agreement was made, respondent was contesting the right of appellant to share in the estate. The

compromise of this doubtful right was clearly a sufficient consideration for the agreement.

■ The contention that the evidence established as a matter of law that appellant was induced to sign the agreement by a representation that respondent would be present to testify at the trial of the issues between these parties and defendants cannot be sustained. There is evidence to the contrary and the decision of the trial court is final on that as well as other controverted questions of fact.

We are satisfied that there is no reversible error in the record.

The judgment appealed from is affirmed.

POLLEY, RUDOLPH and SMITH, JJ., concur.