Lee R. VIALL and Robert Viall, Plaintiffs
and Appellants,

v.

TRIANGLE ELECTRIC, INC., et al.,
Defendants and Respondents.

Civ. No. 8859.

Supreme Court of North Dakota.

Feb. 16, 1973.

Anseth & Rustad, Williston, for plaintiffs and appellants.

McIntce & Whisenand, Williston, for defendants and respondents.

TEIGEN, Judge.

The respondents have moved to dismiss an appeal from a summary judgment on the ground of delay in the prosecution of the appeal.

■ The chronology of salient events appears as follows: Summary judgment dismissing the appellants' complaint was entered on April 27, 1972, and a notice of appeal, cost bond and specifications of error were timely served and filed on May 19, 1972. No further steps were taken by the appellants until September 8, 1972, at which time they obtained an ex parte order from the trial court extending the time in which to complete the record on appeal to and including September 29, 1972. However the record was not completed and, on November 6, 1972, a second ex parte order was issued extending the time for completion of the record on appeal to November 8, 1972. No proof of service upon the respondents of either of these orders is contained in the judgment roll. However, in their brief, the respondents admit having been served with the latter order on November 9, 1972. On November 6, 1972, the appellants filed with the clerk of the district court their brief on appeal and the same was served upon the respondents on November 7, 1972. No settled statement of the case had been obtained and, on Novem-ber 16, 1972, the respondents served upon the appellants a motion for dismissal of the appeal, which was noticed for hearing in this court on December 6, 1972. The record in the case was certified by the clerk of the district court on November 22, 1972, and filed in this court on November 27, 1972. On December 1, 1972, five days prior to the argument of the motion for dismissal of the appeal, the appellants obtained a third ex parte order from the district court extending the time in which to settle the statement of the case and to complete the record on appeal to January 2, 1973. This order has been forwarded to this court by the clerk under a supplemental certificate and is filed in the case.

■ The record contains no evidence, in affidavit form or otherwise, in support of the first two orders extending the time. However the court, in each order, states that it found good cause for the extension. We have held that, in the absence of a record showing that good cause was not established for an order extending the time for settling the statement of the case, the presumption arises that the trial court found that the evidence submitted to it was sufficient to show good cause; that a motion to extend the time is addressed to the sound judicial discretion of the trial court and its decision will not be disturbed unless the record clearly shows that it abused its discretion. Lacy v. Grinsteinner, 190 N.W.2d 11 (N.D.1971).

The burden is upon the party making the motion to show that the evidence adduced in support of a motion to extend the time for the settlement is insufficient, as a matter of law, to constitute a showing of good cause. Permann v. Knife River Coal Mining Co., 180 N.W.2d 146 (N.D.1970).

■ The record before us contains no showing that the evidence presented to the district court would not support that court's finding of good cause. We therefore hold that it did not abuse its discretion in granting the orders extending the time.

■ The third order which extends the time to January 2, 1973, is supported in the record with an affidavit. We have reviewed this affidavit and find that the court did not abuse its discretion in finding good cause. The affidavit shows that immediately following the entry of the summary judgment a transcript of the proceedings on summary judgment was ordered from the court reporter. The transcript was completed and delivered sometime in the month of September 1972, but was delivered to an attorney who was no longer associated in the case. He was a former attorney in the case but did not participate as attorney in the summary judgment proceedings or the appeal. The affidavit further states that the attorneys taking the appeal had no knowledge of the completion and delivery of the transcript.

Section 28-18-06, N.D.C.C., requires that within thirty days after the notice of entry of a judgment "or within such further time as the court shall allow," the appellant must procure a transcript of the evidence and furnish a copy thereof to the adverse party for the purpose of obtaining a settled statement of the case. The power of the trial court to extend the time is derived from this statute. Kline v. Landeis, 147 N. W.2d 897, 899 (N.D.1967).

■ The settlement of a statement of the case or applications for extensions of time are not jurisdictional; therefore an order extending the time may be made ex parte. Schriock v. Schriock, 128 N.W.2d 852 (N.D.1964); Muhlhauser v. Becker, 76 N.D. 402, 37 N.W.2d 352 (1948); Bucholz v. Harthun, 61 N.D. 547, 239 N.W. 161 (1931).

■ The trial court is empowered to extend the time to prepare and serve the settled statement of the case even after the period prescribed by statute has expired. Muhlhauser v. Becker, *supra*; Aultman-Taylor Machinery Co. v. Clausen, 18 N.D. 483, 121 N.W. 64 (1909).

We find the district court has not abused its discretion and that the time for obtaining a settled statement of the case, under the order of December 1, 1972, did not expire until January 2, 1973.

During the oral argument it was suggested that inasmuch as the appeal is taken from a summary judgment the material in support of and in resistance to the motion for summary judgment is a part of the record in the form of affidavits, depositions or interrogatories and that the merits may be reviewed on the face of the judgment roll without a transcript of the hearing on the motion for summary judgment. However, although Rule 56, N.D.R.Civ.P., providing for summary judgment procedure, does not mention oral testimony as material to be used at a summary judgment hearing, we are cognizant that Rule 43(e), N.D.R.Civ.P., permits the court to hear oral testimony at a hearing on a motion. Moore's Federal Practice, 2d ed., Vol. 6, ¶ 56.11 [8]; Barron and Holtzoff, Vol. 3, Federal Practice and Procedure, § 1236.

■ We do not have a transcript of the proceedings in this case and do not know whether oral testimony was offered in support of or in resistance to the motion. Under these circumstances, in order to assure that we have a complete record of the materials produced in the summary judgment proceedings a settled statement of the case is required unless the parties stipulate that the appeal may be decided on the face of the judgment roll.

For the reasons set forth herein the motion to dismiss is denied.

Motion denied.

STRUTZ, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.