137 N.J. Super. 553 (1975)
350 A.2d 74
LENORA REILLEY AND ANDREW REILLEY, PLAINTIFFS-APPELLANTS,
v.
SATTY GILL KESWANI, M.D. AND MARCO & SON, INC. AND THE X, Y, Z MANUFACTURING CO., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 1, 1975.
Decided December 11, 1975.
*554 Before Judges ALLCORN, KOLE and COLLESTER.
Mr. Michael A. Querques P.A., attorney for appellants (Messrs. Alfred I. Bernstein and Larry Bronson on the brief).
Messrs. Shanley & Fisher, attorneys for respondent Keswani (Mr. Thomas F. Campion of counsel; Mr. Joseph L. Cook on the brief).
*555 No brief was filed on behalf of the respondents Marco & Son, Inc. or the X, Y, Z Manufacturing Co.
The opinion of the court was delivered by ALLCORN, J.A.D.
Fundamental to, if not the sole purpose of the administration of our system of justice is the search for truth. An essential correlative to that end is the proposition that all evidence relevant to the issues in controversy be admitted, unless its admission would transgress some paramount policy of society and the law. Evid R. 7(f). Thus it is that in criminal prosecutions evidence inculpatory of the accused is excluded where it has been obtained by law enforcement officials in contravention of one of the constitutional protections of the accused.
We are unaware of and discern no like overriding rule or policy of the law that would warrant or justify the exclusion of any relevant testimony or other evidence resulting from the discussion between Dr. Diamond and Dr. Keswani, under the circumstances here present. True, DR 7-104(A) (1) proscribes an attorney for one party from communicating or causing another to communicate concerning the matters in controversy with another party he knows to be represented by counsel, without the prior consent of counsel for the other party. It is to be doubted, however, that said disciplinary rule constitutes an expression of policy of such general force and significance as to bar evidence obtained as a result of a violation of that disciplinary rule; more likely, given the philosophy and purpose to be served by the disciplinary rule, it merely would subject the offending lawyer to professional sanctions in an appropriate disciplinary proceeding. See Barbetta v. Sciaraffa, 135 N.J. Super. 488 (App. Div. 1975); contra, Obser v. Adelson, 96 N.Y.S.2d 817 (Sup. Ct. 1949), aff'd 276 A.D. 999, 95 N.Y.S.2d 757 (App. Div. 1950). See also, In re Kent, 39 N.J. 114 (1963); Lumbermens Mutual Cas. Co. v. Chapman, 269 F.2d 478 (4 Cir.1959); In re O'Neil, 228 A.D. 129, 239 N.Y.S. 297 (App. Div. 1930); Muhlhauser v. Becker, 76 N.D. 402, 37 N.W.2d *556 352 (Sup. Ct. 1948); Annotation, "Attorney's dealing directly with client of another attorney as ground for disciplinary proceeding," 1 A.L.R.3d 1113 (1965).
However this may be, we are not called upon to resolve that issue here. On the hearing of the motion before the trial court, counsel for Dr. Keswani conceded and the trial judge found that plaintiffs' attorney was not at fault. It thus appears that the discussion between Dr. Diamond and Dr. Keswani took place without the prior authorization, consent or knowledge of plaintiffs' attorney. And, nothing to the contrary appearing in the record or asserted by counsel, it is a fair inference that counsel for Marco & Son, Inc. did not authorize or consent to and had no knowledge of the discussion before it occurred. Thus, there was no breach of the disciplinary rule.
Absent a violation of DR 7-104(A) (1), it was improper to bar Dr. Diamond as a witness and to preclude him from any further participation in the case (other than to testify as to his treatment of plaintiff Leonora Reilley) and to suppress his report. The action of Dr. Diamond in initiating and participating in the discussion with Dr. Keswani, even assuming the latter's ignorance of Dr. Diamond's interest in the case as an expert witness or as attending physician, does not warrant his banishment from the case as an expert or the exclusion of his testimony as an expert witness.
Dr. Diamond is entitled to participate in this cause to the fullest extent  both as expert witness and as attending physician  and to testify in extenso on all aspects of the case within his knowledge and expertise, including all matters founded directly or indirectly upon his discussion with Dr. Keswani.
The order of the Law Division of October 15, 1975, as amended, is reversed.